# In re Miguel LEMUS-Losa, Respondent

File A98 724 586 - Kansas City

*Decided November 29, 2007*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1) An alien who is unlawfully present in the United States for a period of 1 year, departs the country, and then seeks admission within 10 years of the date of his departure from the United States, is inadmissible under section 212(a)(9)(B)(i)(II) of the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(2)(B)(i)(II) (2000), even if the alien's departure was not made pursuant to an order of removal and was not a voluntary departure in lieu of being subject to removal proceedings or at the conclusion of removal proceedings.

(2) Adjustment of status under section 245(i) of the Act, 8 U.S.C. § 1255(i) (2000), is unavailable to an alien who is inadmissible under section 212(a)(9)(B)(i)(II) of the Act.

FOR RESPONDENT: Rekha Sharma-Crawford, Esquire, Overland Park, Kansas

AMICI CURIAE:[1] Stephen W. Manning, Esquire; Jessica Boell, Esquire; and Jennifer Rotman, Esquire, Portland, Oregon

FOR THE DEPARTMENT OF HOMELAND SECURITY: Matthew M. Downer, Appellate Counsel; Jayme Salinardi, Assistant Chief Counsel

BEFORE: Board Panel: COLE, FILPPU, and PAULEY, Board Members.

PAULEY, Board Member:

In a decision dated December 16, 2005, an Immigration Judge denied the respondent's application for adjustment of status under section 245(i) of the Immigration and Nationality Act, 8 U.S.C. § 1255(i) (2000), based on his finding that the respondent is inadmissible under section 212(a)(9)(B)(i)(II) of the Act, 8 U.S.C. § 1182(a)(9)(B)(i)(II) (2000). The respondent has appealed from that decision and from the Immigration Judge's January 23, 2006, order denying reconsideration. The Department of Homeland Security ("DHS") opposes the appeal. The appeal will be dismissed.

---

[1] We acknowledge the very helpful briefs submitted by the parties and by amici curiae, participating members of the American Immigration Lawyers Association.

## I.  FACTUAL AND PROCEDURAL HISTORY

The relevant facts are not in dispute.  The respondent, a native and citizen of Mexico, entered the United States without inspection in 1998 or 1999 and resided here continuously for approximately 2 years.  He returned to Mexico in 2001 and remained there until 2003.  The respondent reentered the United States, again without inspection, in 2003 and has remained here in unlawful status since that time.

On March 14, 2005, the DHS placed the respondent in removal proceedings, charging him with removability under section 212(a)(6)(A)(i) of the Act for being present without having been admitted or paroled, based on his unlawful entry into the United States in 2003.  On March 30, 1992, the respondent's father, a lawful permanent resident of the United States, filed a Petition for Alien Relative (Form I-130) on the respondent's behalf, seeking to classify him as a family-sponsored immigrant in the second-preference category as the unmarried son of a lawful permanent resident.  *See* section 203(a)(2) of the Act, 8 U.S.C. § 1153(a)(2) (1988).  The visa petition was approved, and the respondent was given a March 30, 1992, priority date.  On September 29, 2005, the respondent filed an Application to Register Permanent Residence or Adjust Status (Form I-485) with the Immigration Court pursuant to section 245(i) of the Act on the basis of his approved visa petition.

At a hearing on October 19, 2005, the Immigration Judge granted the respondent a 2-month continuance until December 16, 2005, to enable him to obtain a current visa priority date.  However, the Immigration Judge also expressed his concern that the respondent was ineligible for adjustment of status because of his inadmissibility under section 212(a)(9)(B)(i)(II) of the Act for seeking admission to the United States within 10 years of a departure from the country following a period of unlawful presence of more than 1 year.  The Immigration Judge indicated that the respondent's inadmissibility would be addressed at the subsequent hearing and invited the respondent to seek a waiver pursuant to section 212(a)(9)(B)(v) of the Act based on any extreme hardship that his father would face upon his removal.

At the December 16, 2005, hearing, the respondent requested another continuance because the visa numbers in his preference category had never become current and, in fact, had retrogressed.  The respondent offered no evidence to support a section 212(a)(9)(B)(v) waiver.  The Immigration Judge denied a second continuance, concluding that even if the respondent was the beneficiary of an immediately available immigrant visa, he was otherwise ineligible to adjust his status under section 245(i) because of his inadmissibility under section 212(a)(9)(B)(i)(II) of the Act.  The Immigration Judge concluded that the specific language of that section rendered the respondent inadmissible, and he explicitly rejected the respondent's contention that based on the title language of section 212(a)(9), section 212(a)(9)(B)(i)(II)

only applies to individuals who have previously been removed. The Immigration Judge granted the respondent voluntary departure with an alternate order of removal to Mexico.

The respondent moved for reconsideration and also timely appealed the Immigration Judge's December 16, 2005, decision. On January 23, 2006, the Immigration Judge denied reconsideration. At our request, the parties filed supplemental briefs and appeared for oral argument. We have also considered the amicus curiae brief submitted on behalf of the respondent.

## II. ISSUE

The principal issue on appeal is whether an alien who is inadmissible to the United States under section 212(a)(9)(B)(i)(II) of the Act may obtain adjustment of status under section 245(i) of the Act.

## III. ANALYSIS

As a threshold matter, we agree with the Immigration Judge that the respondent is inadmissible under section 212(a)(9)(B)(i)(II) of the Act. That section of the statute provides, in pertinent part, as follows:

§ 1182. Inadmissible aliens
(a) Classes of aliens ineligible for visas or admission
Except as otherwise provided in this chapter, aliens who are inadmissible under the following paragraphs are ineligible to receive visas and ineligible to be admitted to the United States:
. . . .
(9) Aliens previously removed
. . . .
(B) Aliens unlawfully present
(i) In general
Any alien (other than an alien lawfully admitted for permanent residence) who—
(I) was unlawfully present in the United States for a period of more than 180 days but less than 1 year, voluntarily departed the United States (whether or not pursuant to section 1254a(e) of this title)[2] prior to the commencement of proceedings under section 1225(b)(1) of this title or

_____

[2] The reference to section 1254a(e) appears to be a drafting error. Prior to the passage of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Division C of Pub. L. No. 104-208, 110 Stat. 3009-546 ("IIRIRA"), former section 244(e) of the Act, 8 U.S.C. § 1254(e) (1994), governed applications for voluntary departure in deportation proceedings. In enacting the IIRIRA, Congress recodified all forms of voluntary departure at section 240B of the Act, 8 U.S.C. § 1229c (2000), and created the new inadmissibility ground at issue.

section 1229a of this title, and again seeks admission within 3 years of the date of such alien's departure or removal, or

(II) has been unlawfully present in the United States for one year or more, and who again seeks admission within 10 years of the date of such alien's departure or removal from the United States, is inadmissible.

The respondent is inadmissible under section 212(a)(9)(B)(i)(II) of the Act because he was unlawfully present in the United States for 2 years, voluntarily returned to Mexico in 2001, and then reentered the United States without inspection in 2003 before seeking adjustment of status in 2005. *See generally Matter of Rodarte*, 23 I&N Dec. 905, 908-10 (BIA 2006) (holding that section 212(a)(9)(B)(i)(II) of the Act applies to aliens who depart the United States after being unlawfully present for 1 year or longer and, within 10 years of such departure, again seek admission, either at the border or from within the United States by means of adjustment of status). We reject the respondent's contention that the bar to admissibility in section 212(a)(9)(B)(i)(II) does not apply to him because the title of section 212(a)(9) refers to "Aliens previously removed." In that regard, it is well settled that the heading of a section cannot limit the plain meaning of the text, and it is of use only when it sheds light on some ambiguous word or phrase. *See, e.g.*, *Brotherhood of R.R. Trainmen v. Baltimore & Ohio R.R. Co.*, 331 U.S. 519, 528-29 (1947). While some of the provisions of section 212(a)(9) do explicitly refer to previously removed aliens, *see, e.g.*, sections 212(a)(9)(A)(i), (ii)(I), and (C)(i)(II) of the Act, the plain language of section 212(a)(9)(B)(i)(II) also renders inadmissible an alien who has at least 1 year of unlawful presence and "who again seeks admission within 10 years of the date of [his] *departure or removal* from the United States."[3] Section 212(a)(9)(B)(i)(II) of the Act (emphasis added); *see also* section 212(a)(9)(C)(i) of the Act (providing that any alien who has been unlawfully present for an aggregate period of more than 1 year, *or* who has been ordered removed, and then enters or attempts to reenter the country without being admitted is inadmissible).

We reject the respondent's argument that the term "departure" in this context necessarily means a "voluntary departure" in lieu of removal. Instead, we construe the plain language of section 212(a)(9)(B)(i)(II) of the Act to encompass any "departure" from the United States, regardless of whether it is a voluntary departure in lieu of removal or under threat of removal, or it is a

---

[3] We are at a loss to explain the inclusion of the word "again" in both sections 212(a)(9)(B)(i)(I) and (II), since in neither provision is the alien described as having previously sought admission. Thus, we view the word "again" as an apparent drafting mistake that has no bearing on the issues presented in this case.

departure that is made wholly outside the context of a removal proceeding. We find no indication that Congress intended to limit the plain and ordinary meaning of the term "departure" in section 212(a)(9)(B)(i)(II) in the manner the respondent contends. Rather, the use of the term "departure" in that section appears to be designed as a shorthand means of incorporating both types of departure (i.e., voluntary departure and all other departures) that are set forth immediately above in section 212(a)(9)(B)(i)(I). Congress's use of the term "departed" in another part of section 212(a)(9) likewise supports a broad interpretation of the term "departure" in this context. Section 212(a)(9)(A)(i)(II) of the Act (rendering inadmissible aliens who departed the United States while an order of removal was outstanding, and who seek admission within certain periods following the date of his or her departure or removal); s*ee also Cervantes-Ascencio v. U.S. INS*, 326 F.3d 83, 85-86 (2d Cir. 2003) (construing section 212(a)(9)(B)(i)(II) of the Act to impose a 10-year bar to readmission on all aliens who have accumulated the requisite unlawful presence, irrespective of how they subsequently departed the United States). Moreover, we agree with the Immigration Judge that the heading of section 212(a)(9) does not limit the application of the text of section 212(a)(9)(B)(i)(II). We also find no merit in the respondent's contention that section 212(a)(9)(B)(i)(II) does not apply to aliens, like himself, who are not applying for admission at a foreign consulate. In fact, we have expressly concluded otherwise. *See Matter of Rodarte*, *supra*, at 908.

Based on the foregoing, we conclude that the respondent is inadmissible under section 212(a)(9)(B)(i)(II) of the Act. We now turn to whether the respondent may obtain adjustment of status under section 245(i) despite his inadmissibility under section 212(a)(9)(B)(i)(II). We have this day held that aliens who are inadmissible under section 212(a)(9)(C)(i)(I) of the Act are ineligible for adjustment of status under section 245(i). *See Matter of Briones*, 24 I&N Dec. 355 (BIA 2007). In so holding, we disagreed with contrary conclusions reached by the Ninth and Tenth Circuits. *See Acosta v. Gonzales*, 439 F.3d 550 (9th Cir. 2006); *Padilla-Caldera v. Gonzales*, 426 F.3d 1294 (10th Cir.), *amended and superseded on reh'g*, 453 F.3d 1237 (10th Cir. 2005).[4]

---

[4] We note that *Matter of Briones*, *supra*, arose in the jurisdiction of the United States Court of Appeals for the Fifth Circuit; thus, the Ninth and Tenth Circuit's decisions were not binding in that case. *See Matter of Anselmo*, 20 I&N Dec. 25, 31-32 (BIA 1989). We did not reach the question of the application of our holding in *Matter of Briones* to subsequent cases arising in the Ninth and Tenth Circuits in light of *National Cable & Telecommunications Ass'n v. Brand X Internet Services*, 545 U.S. 967 (2005). *See Matter of Briones*, *supra*, at 371 n.9.

Upon review of the facts of this case, we conclude that much of our reasoning in *Matter of Briones*, *supra*,  applies to aliens, like the respondent, who are inadmissible under section 212(a)(9)(B)(i)(II) of the Act.  That is, for purposes of section 245(i) adjustment, we see no reason to distinguish between aliens who are inadmissible under section 212(a)(9)(C)(i)(I) of the Act for making or attempting to make an illegal reentry into the United States following a prior period of more than 1 year of unlawful presence, and aliens who, like the respondent, accrued more than 1 year of unlawful presence, illegally reentered the country, and then sought admission through adjustment of status within the United States.  As we stated in *Matter of Briones*, the plain language of section 245(i)(2)(A) of the Act unambiguously requires an applicant for adjustment of status to prove that he is "admissible to the United States for permanent residence."  Aliens who are inadmissible under section 212(a)(9)(B)(i)(II) of the Act necessarily fail to meet that requirement, absent an available waiver.

We also recognized in *Matter of Briones*, *supra*, at 367, that in every case where Congress has extended eligibility for adjustment of status to inadmissible aliens, it has done so unambiguously.  We therefore find significant Congress's failure to expressly provide an exception to the section 212(a)(9)(B)(i)(II) inadmissibility ground for section 245(i) applicants in section 212(a)(9) or elsewhere.  Furthermore, as it did with section 212(a)(9)(C) of the Act, Congress expressly provided for a waiver of the inadmissibility grounds in section 212(a)(9)(B) for aliens seeking adjustment of status under the Nicaraguan Adjustment and Central American Relief Act, Pub. L. No. 105-100, 111 Stat. 2193 ("NACARA"), *as amended by* Pub. L. No. 105-139, 111 Stat. 2644 (1997), and the Haitian Refugee Immigration Fairness Act of 1998, tit. IX, Pub. L. No. 105-277, 112 Stat. 2681-538 ("HRIFA").[5]  The fact that Congress deemed it necessary to provide such waivers for NACARA and HRIFA adjustment applicants bolsters our conclusion.  *See Matter of Briones*, *supra*, at 368.

Moreover, based on our reasoning in *Matter of Briones*, *supra*, we conclude that applying the admissibility requirement of section 245(i)(2)(A) of the Act to aliens who are inadmissible under section 212(a)(9)(B)(i)(II) does not lead to absurd consequences, as it would if we applied that requirement to aliens who are inadmissible under section 212(a)(6)(A)(i) for being present in the United States without having been admitted or paroled–i.e., those who have

---

[5]  The waiver was included in the December 2000 LIFE Act Amendments of 2000, Div. B, tit. XV, Pub. L. No. 105-554, 114 Stat. 2763 ("LIFE Act Amendments") (effective as if included in the enactment of the Legal Immigration Family Equity Act, tit. XI, Pub. L. No. 106-553, 114 Stat. 2762 (2000) ("LIFE Act")).

"entered without inspection" and therefore are *eligible* for relief pursuant to section 245(i)(1)(A). We decline to read an implicit waiver of section 212(a)(9)(B)(i)(II) inadmissibility into section 245(i)(1)(A) merely because aliens who are inadmissible on that ground and who are seeking admission through section 245(i) adjustment may have "entered the United States without inspection." We note that, like section 212(a)(9)(C)(i)(I), section 212(a)(9)(B)(i)(II) is not coextensive with section 212(a)(6)(A)(i) of the Act because it does not punish individuals who enter the country without inspection. Rather, section 212(a)(9)(B)(i)(II) punishes aliens who seek admission, either by applying for admission at the border or through adjustment of status from within the United States, *after having previously accrued a period of unlawful presence*. *See* section 212(a)(9)(B)(i)(II) of the Act; *see also Matter of Rodarte*, *supra*, at 909.

We also reiterate that for the reasons we stated in *Matter of Briones*, *supra*, the physical presence requirement in section 245(i)(1)(C) of the Act does not operate to excuse immigration violations that take place after December 21, 2000, and trigger section 212(a)(9) inadmissibility grounds. In sum, while we recognize the remedial purposes of section 245(i) that are noted by the parties, we conclude that making section 245(i) adjustment unavailable to aliens who are inadmissible under section 212(a)(9)(B)(i)(II), as well as section 212(a)(9)(C)(i)(I), gives effect to the plain language of the Act. It would also appear to be consistent with the overall purpose of section 212(a)(9) "to compound the adverse consequences of immigration violations by making it more difficult for individuals who have left the United States after committing such violations to be lawfully admitted thereafter," and is faithful to Congress's overall scheme of expressly waiving inadmissibility grounds where such waivers are intended.[6] *Matter of Rodarte*, *supra*, at 909. Based on the

---

[6] We further note that barring individuals who are inadmissible under section 212(a)(9)(B)(i)(II) of the Act from adjusting their status under section 245(i) would appear to comport with the purpose of the LIFE Act, which extended section 245(i) availability to reunite families with aliens who have generally "played by the rules." *See* 146 Cong. Rec. S11263, S11265 (daily ed. Oct. 27, 2000), 2000 WL 1608338 (statement of Sen. Hatch). We note that the House of Representatives report accompanying the LIFE Act Amendments of 2000 states that "[i]n the absence of section 245(i) . . . aliens must pursue their visa applications at a U.S. embassy or consulate outside the United States and are potentially subject to the three and 10 year bars on admissibility instituted by section 301(b) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996." H.R. Rep. No. 106-1048, at 230 (2001) (report on the activities of the Committee on the Judiciary), 2001 WL 67919. This clear reference to section 212(a)(9)(B) of the Act–i.e., the only provision added by the IIRIRA discussing 3-year and 10-year bars to admissibility–seems to suggest that aliens who would otherwise be inadmissible under section 212(a)(9)(B)(i)(II) may

(continued...)

foregoing, we agree with the Immigration Judge that the respondent is statutorily ineligible for adjustment of status under section 245(i) of the Act because of his inadmissibility under section 212(a)(9)(B)(i)(II).

We also reject the respondent's remaining arguments. Specifically, in light of our conclusion that the respondent's inadmissibility under section 212(a)(9)(B)(i)(II) of the Act bars his eligibility for adjustment of status under section 245(i), any error the Immigration Judge committed in denying the respondent's request to continue the proceedings until an immigrant visa became immediately available is harmless. Further, we decline to remand this case to allow the respondent to seek a waiver of inadmissibility under section 212(a)(9)(B)(v) of the Act because he has failed to introduce any evidence to substantiate his claim that if he is refused admission, his lawful permanent resident father will suffer extreme hardship. *See Matter of Coelho*, 20 I&N Dec. 464, 471-72 (BIA 1992) (providing that to obtain a remand, a respondent is required to show the presence of previously unavailable, material evidence and new evidence that would likely change the result of the case if the proceedings were reopened). Also, we need not consider whether the respondent's failure to pay a voluntary departure bond renders him ineligible for adjustment of status in light of our decision that he does not qualify for such relief in any event because of his inadmissibility.

Moreover, we reject the respondent's alternative argument that the Immigration Judge should have administratively closed the case upon the consent of the parties. We are limited in our fact-finding authority and are therefore unable to speculate as to what conversations may have occurred off the record on December 16, 2005, between the respondent and the DHS. 8 C.F.R. § 1003.1(d)(3)(iv) (2007). Even if the DHS did consent to administrative closure, no purpose would be served by administratively closing this case, given the respondent's statutory ineligibility for adjustment of status. Finally, to the extent that the respondent challenges the Immigration Judge's January 23, 2006, decision denying reconsideration of his previous order, we note that the respondent never perfected an appeal from that decision. In any case, we find that the Immigration Judge committed no error.

---

(...continued)

qualify for adjustment of status under section 245(i). *See* IIRIRA § 301(b), 110 Stat. at 3009-577. Nevertheless, we do not construe this single statement as dispositive of the issue in light of the plain language in section 245(i) requiring aliens to be admissible to the United States before they may seek penalty-fee adjustment of status. To the extent that any statements in the legislative history directly conflict with the unambiguous meaning of the statute, the statute must prevail. *See U. S. Dep't of Treasury v. Fabe*, 508 U.S. 491, 506-07 (1993) (rejecting a petitioner's citation to a single statement in a House of Representatives report because it was "at odds" with the statute's plain language).

## IV.  CONCLUSION

In light of the foregoing, we agree with the Immigration Judge that the respondent is ineligible for adjustment of status under section 245(i) of the Act because of his inadmissibility under section 212(a)(9)(B)(i)(II) of the Act. The respondent has not demonstrated his eligibility for a waiver of inadmissibility under section 212(a)(9)(B)(v) of the Act.  The respondent has also failed to establish any other material errors in the proceedings below.  Accordingly, the appeal will be dismissed.

**ORDER:**  The appeal is dismissed.