# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2573

_____

| | |
|---|---|
| Carlos Villanueva, | * |
| | * |
| Petitioner, | * |
| | * Petition for Review of a Final |
| v. | * Decision of the Board of |
| | * Immigration Appeals. |
| Eric H. Holder, Jr., Attorney | * |
| General of United States, | * |
| | * |
| Respondent. | * |

_____

Submitted: March 11, 2010
Filed: August 5, 2010

_____

Before SMITH, BENTON, and SHEPHERD, Circuit Judges.

_____

SMITH, Circuit Judge.

The Department of Homeland Security (DHS) initiated removal proceedings against Carlos Villanueva when he filed an application for adjustment of status pursuant to § 245(i) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1255(i). DHS denied Villanueva's application, and removal proceedings commenced. At a hearing before the immigration judge (IJ), Villanueva argued that he should be eligible to renew his application to adjust status to become a lawful permanent resident. The IJ found Villanueva ineligible to adjust status. The Board of Immigration Appeals ("Board") affirmed. On appeal, Villanueva challenges this determination and, in the

alternative, requests equitable tolling and nunc pro tunc relief. For the reasons stated below, we deny Carlos Villanueva's petition for review.

## I. *Background*

Villanueva is a citizen of Mexico and is the beneficiary of an approved immigrant visa petition that his wife, who is a United States citizen, filed. Villanueva first entered the United States, without inspection, in October 1989. He has been in the United States since that time, except for a ten-month period from January until October 2000 when he left for an immigrant visa appointment.

The present removal proceedings were triggered when Villanueva filed an application for adjustment of status pursuant to § 245(i) of the INA, which was denied on October 21, 2003. DHS deemed Villanueva not admissible for adjustment of status under § 1255(i)(2)(A)[1] because he was subject to removal under (1) INA § 212(a)(6)(A)(1), §1182(a)(6)(A)(i), as an alien present in the United States without being admitted or paroled; (2) INA § 212(a)(9)(C)(i)(I), § 1182(a)(9)(C)(i)(I), for reentry without inspection after being unlawfully present in the United States for more than one year; and (3) INA § 212(a)(1)(A)(iv), § 1182(a)(1)(A)(iv), for being a drug abuser or addict. Villanueva admitted the first two charges but denied the third, which the government ultimately dropped.

In opposition, Villanueva argued that the two admitted grounds for removal did not disqualify him for adjustment of status notwithstanding the "admissible" language of § 1255(i)(2)(A). Villanueva, in essence, argued that the government waived the condition that he be admissible in order for the Attorney General to adjust his status. The IJ held Villanueva ineligible to adjust status, and the Board affirmed.

---

[1]Section 1255(i)(2)(A) provides: "[T]he Attorney General may adjust the status of the alien to that of an alien lawfully admitted for permanent residence if the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence."

## II. *Discussion*

### A. *Villanueva's Eligibility for Adjustment of Status*

On appeal, Villanueva maintains that an alien that is inadmissible under § 1182(a)(9)(C)(i)(I)[2] is eligible for adjustment of status pursuant to § 1255(i). Villanueva argues that § 1182(a)(9)(C)(i)(I) treats aliens, like himself, who entered without inspection differently than those who have been deported and are thus ineligible for adjustment of status. Villanueva maintains that the legislative history of the statute and proper statutory interpretation support his proposition. Villanueva argues that the Board's decisions in *In re Briones*, 24 I. & N. Dec. 355 (BIA 2007), and *In re Lemus-Losa*, 24 I. & N. Dec. 373 (BIA 2007), are unreasonable and should not be followed. He also contends that we should recognize equitable tolling for the time that he was out of the country at the government's direction.

"We review the Board's conclusions of law de novo, with substantial deference to its interpretations of statutes and regulations administered by the agency." *Ateka v. Ashcroft*, 384 F.3d 954, 957 (8th Cir. 2004). "The Board's findings of fact will be disturbed only if unsupported by substantial evidence." *Id.*

Harmonizing § 1255(i) and § 1182(a)(9)(C)(i)(I) has proven a tall order. The Board itself has wrestled with the ambiguity and resolved the conflict contrary to Villanueva's preferred reading in *Briones* and *Lemus-Losa*. Three circuits have deferred to the Board's interpretation that § 1255(i) does not exempt aliens who illegally enter the United States without being admitted following a prior period of unlawful presence in the United States totaling more than one year from § 1182(a)(9)(C)(i)(I)'s inadmissibility. *Ramirez v. Holder*, _ F.3d _ 2010 WL 2499988, (4th Cir. 2010); *Mora v. Mukasey*, 550 F.3d 231 (2d Cir. 2008); *Ramirez-Canales v. Mukasey*, 517 F.3d 904 (6th Cir. 2008). Villanueva relies on *Padilla-Caldera v.*

---

[2]Section 1182(a)(9)(C)(i)(I) provides: "Any alien who . . . has been unlawfully present in the United States for an aggregate period of more than 1 year . . . and who enters or attempts to reenter the United States without being admitted is inadmissible."

*Gonzales*, 453 F.3d 1237 (10th Cir. 2006), and *Acosta v. Gonzales*, 439 F.3d 550 (9th Cir. 2006), for support, but both cases were decided before the Board addressed the statutory ambiguity and provide little aid to petitioner.

In *Briones*, the Board considered the instant issue and held that aliens inadmissible under § 1182(a)(9)(C)(i)(I) are ineligible for adjustment of status pursuant § 1255(i). 24 I. & N. Dec. at 371; *Lemus-Losa*, 24 I. & N. Dec. at 377. In *Mora*, the second circuit stated that "[b]ecause we conclude that the *Briones* decision interpreted ambiguous provisions of the immigration laws in a reasonable way, we must defer to it pursuant to *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984)[.]" 550 F.3d at 232. Similarly, in *Ramirez-Canales*, the sixth circuit stated that "*Briones* is the type of case-by-case adjudication giving meaning to ambiguous statutes to which we owe deference." 517 F.3d at 908. We join the Fourth, Second, and Sixth circuits and hold that an alien that is inadmissible under § 1182(a)(9)(C)(i)(I) is not eligible for adjustment of status pursuant § 1255(i).

Villanueva does not appear to contest his inadmissibility under § 1182(a)(6)(A)(i).[3] So, even if we agreed with Villanueva that an alien that is inadmissible under § 1182(a)(9)(C)(i)(I) is eligible for adjustment of status pursuant § 1255(i), Villanueva would remain ineligible to adjust status due to his § 1182(a)(6)(A)(i) inadmissibility. Accordingly, we affirm the Board's decision denying adjustment of status.

---

[3]Section 1182(a)(6)(A)(i) provides: "An alien present in the United States without being admitted or paroled, or who arrives in the United States at any time or place other than as designated by the Attorney General, is inadmissible."

B. *Equitable Tolling and Nunc Pro Tunc Relief*

Villanueva argues that because he left the United States to file a visa application at the direction of the government, he is entitled to equitable tolling. Alternatively, Villanueva contends that this court should either grant adjustment retroactively or remand this matter to the Board for such a determination in order to remedy the harshness of the outcome in this case.

Villanueva, however, did not exhaust these arguments in the administrative proceedings below. Consequently, we lack jurisdiction to review the issue. 8 U.S.C. § 1252(d)(1); *Frango v. Gonzales,* 437 F.3d 726 (8th Cir. 2006).

III. *Conclusion*

For the reasons stated above, we deny the petition for review.

_____