# United States Court of Appeals
### For the Eighth Circuit

_____

## No. 22-2894
_____

Jaime R. Samol Curruchiche

*Petitioner*

v.

Merrick B. Garland, Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: February 24, 2023
Filed: March 1, 2023
[Unpublished]

_____

Before LOKEN, KELLY, and KOBES, Circuit Judges.

_____

PER CURIAM.

Jaime Curruchiche petitions for review of an order of the Board of Immigration Appeals (BIA) denying his motion to reopen his removal proceedings based on an allegedly defective Notice to Appear.

The BIA did not abuse its discretion by denying Curruchiche's motion to reopen as untimely because he admittedly filed it past the deadline, see 8 U.S.C. § 1229a(c)(7)(C)(i); Mshihiri v. Holder, 753 F.3d 785, 789 (8th Cir. 2014); 8 C.F.R. § 1003.2(c)(2), and we will not consider his unexhausted equitable-tolling arguments, see 8 U.S.C. § 1252(d)(1); Villanueva v. Holder, 615 F.3d 913, 916 (8th Cir. 2010). Nor did the BIA abuse its discretion by denying the motion on alternative grounds. Curruchiche's jurisdictional arguments are foreclosed by this court's precedent. See Tino v. Garland, 13 F.4th 708, 709 n.2 (8th Cir. 2021) (per curiam); Ali v. Barr, 924 F.3d 983, 986 (8th Cir. 2019). He disagrees with those decisions, but we are bound by them. See Mader v. United States, 654 F.3d 794, 800 (8th Cir. 2011) (en banc); see also United States v. Escobar, 970 F.3d 1022, 1027 (8th Cir. 2020). And although he now argues that 8 U.S.C. § 1229(a)(1) is not a claim-processing rule, we do not consider that argument because he undisputedly advanced the opposite legal theory in his motion. See Bakor v. Barr, 958 F.3d 732, 739 (8th Cir. 2020).

Accordingly, the petition for review is denied.

_____